# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RENZO BARBERI,

      Plaintiff,

      vs.

EVAPORS, LLC, a Florida
Limited Liability Company,
and ALFREDO MARTIN
PROPERTIES, INC., a Florida
Profit Corporation

      Defendants.
_____/

# COMPLAINT

Plaintiff RENZO BARBERI (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this complaint and sues EVAPORS, LLC ("EVAPORS") and ALFREDO MARTIN PROPERTIES, INC. ("MARTIN PROPERTIES"), (hereinafter, collectively referred to as "Defendants"), for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

**JURISDICTION**

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendants' violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

1

**VENUE**

2.     The venue of all events giving rise to this lawsuit is located in Miami-Dade County, Florida. Pursuant to 28 U.S.C. §1391(B) and rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3.     Plaintiff, RENZO BARBERI, is a resident of the State of Florida. At the time of Plaintiff's visit to EVAPORS, Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a wheelchair for mobility. Specifically, Plaintiff suffers from paraplegia due to a severed T4 and T5 and is therefore confined to his wheel chair.  The Plaintiff personally visited EVAPORS but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within EVAPORS, which is the subject of this lawsuit. The Subject Facility is an establishment that sells electronic cigarettes and Plaintiff desired to buy electronic cigarettes, but was unable to due to the discriminatory barriers enumerated in Paragraph 15 of this Complaint.

4.     In the alternative, Plaintiff, RENZO BARBERI, is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA.

5.     Defendants, EVAPORS and MARTIN PROPERTIES, are authorized to conduct business and are in fact conducting business within the State of Florida. The Subject Facility is located at 7341 WEST FLAGLER STREET, MIAMI, FLORIDA. Upon information and belief, EVAPORS is the lessee and/or operator of the Real Property (hereinafter "Subject Facility") and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit. Upon information and belief, MARTIN PROPERTIES, is the

owner and lessor of the Real Property where the Subject Facility is located and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit.

**CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6.   Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 5 of this complaint, as are further explained herein.

7.   On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

8.   As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

   ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs,

3

> benefits, or other opportunities; and,
>
> v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

9. As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

> i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

10. Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. EVAPORS is a place of public accommodation by the fact it is open to the general public, its operations affect commerce and is a sales establishment. See 42 U.S.C. 12181 (7) and 28 C.F.R. 36.104. Therefore, the Subject Facility is a public accommodation that must comply with the ADA.

11. The Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at EVAPORS located at 7341 WEST FLAGLER STREET, MIAMI, FLORIDA, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant to 42

U.S.C. §12182(b)(2)(A)(iv).

12. Plaintiff has visited the Subject Facility, and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

13. Plaintiff shall suffer a future injury as Plaintiff intends to and would like to return and enjoy the goods and/or services at the Subject Facility within the next six months. The Subject Facility is in close proximity to Plaintiff's residence and is an area frequently travelled by Plaintiff. Furthermore, Plaintiff will also return to monitor compliance with the ADA. However, Plaintiff is currently precluded from enjoying the Subject Facility due to the Defendants' failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendants are in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and are discriminating against the Plaintiff with the following specific violations, which Plaintiff encountered and/or has knowledge of:
   a. The existing parking facility for the business does not provide a compliant disabled parking space. 2010 ADA Standards 208.3, 502.1
   b. The parking facility does not have the minimum number of disabled parking spaces. 2010 ADA Standards 208.
   c. There are areas throughout parking area that are not stable, firm or slip resistant. 2010 ADA Standards 302.1

   d. There is no compliant access aisle attached to an accessible route serving any existing parking space which would allow safe passage to main entrance doors.  2010 ADA Standards 502.2
   e. There is no identification sign for disabled parking. 2010 ADA Standards 502.6
   f. There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility as required in 2010 ADA Standards 502.3
   g. The accessible ramp is protruding into the vehicular driveway in violation of 2010 ADA Standards 502.4, 405.7
   h. The facility does not provide compliant directional and informational signage to an accessible entrance. 2010 ADA Standards 216.6
   i. There is no signage addressing people with disabilities telling them that accessible services are provided. 2010 ADA Standards 216.3, 703.5

16. Upon information and belief there are other current violations of the ADA at EVAPORS, LLC. Only upon full inspection can all violations be identified. Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

17. Upon information and belief, Plaintiff alleges that removal of the discriminatory barriers and violations is readily achievable and technically feasible. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendants have failed to comply with this mandate.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following injunctive and declaratory relief:

21. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendants is in violation of the ADA;

22.     That this Honorable Court enter an Order requiring Defendants to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

23.     That this Honorable Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

24.     That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

25.     That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Dated this 12th day of April, 2016.

Respectfully submitted by:

<u>s/Ronald E. Stern</u>
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff RENZO BARBERI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

RENZO BARBERI,

      Plaintiff,

      vs.

EVAPORS, LLC, a Florida
Limited Liability Company,
and ALFREDO MARTIN
PROPERTIES, INC., a Florida
Profit Corporation

      Defendants.
_____/

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 12th day of April, 2016, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF.  I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Ronald E. Stern
Ronald E. Stern, Esq.
Florida Bar No.: 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff RENZO BARBERI

9

**SERVICE LIST:**

RENZO BARBERI v. EVAPORS, LLC, a Florida Limited Liability Company, and ALFREDO MARTIN PROPERTIES, INC., a Florida Profit Corporation

United States District Court Southern District of Florida

CASE NO.

EVAPORS, LLC

**REGISTERED AGENT:**

CABADO, ESTHER M.
7341 WEST FLAGLER STREET
MIAMI, FLORIDA 33144

**VIA PROCESS SERVER**

ALFREDO MARTIN PROPERTIES, INC.

**REGISTERED AGENT:**

MARTIN, ALFREDO
2435 S.W. 78TH COURT
MIAMI, FLORIDA 33155

**VIA PROCESS SERVER**